FORTUNATO MIMINO, Respondent, v. STEAMSHIP TERMINAL OPERATING CORPORATION, Appellant. KERR STEAMSHIP COMPANY, INC., and Others, Defendants.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. The sole claim of negligence upon which the verdict rests is the failure to use a truck to receive the draft as it was lowered into the hold. The clear weight of the credible evidence is that trucks were furnished by the master and were available for use. No demand for their use was made and a failure to put a truck in use was not the master's negligence but was that of fellow-servants irrespective of their grade. The weight of the credible evidence also shows that there was no custom with regard to the use of trucks in the stowage of such oil as was being stowed at the time of the accident. The law of the case, as charged, is that the boxes of oil were not improperly placed in the sling; and had they been that would clearly be the negligence of fellow-servants and a mere detail of the work. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAX REICHER, Appellant, v. HARRY C. HONECK, Warden of the City Prison, Respondent.— Order, as resettled, dismissing writ of habeas corpus affirmed, without costs. Lazansky, P. J., Rich, Kapper and Hagarty, JJ., concur; Scudder, J., dissents.

GEORGE HENRY RAGUE, Respondent, v. EDWIN L. ROSENBERG, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

FANNIE RIVKIN, Doing Business under the Firm Name and Style of FANNETTE BEAUTY SALON, Respondent, v. OCEAN CREST HOTEL CO., INC., Appellant.— Judgment and order reversed upon the law and the facts and new trial granted, costs to appellant to abide the event. We are of opinion that the verdict of the jury was contrary to the evidence. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

MORRIS SCHENKER, Respondent, v. MORRIS LIBOFF, Defendant. PERCY R. BURTNETT, as Coreceiver of the Assets of the Copartnership of SCHENKER & LIBOFF, Appellant.— Upon consent, order dated October 5, 1928, in so far as it awards the referee $2,500, modified by reducing the amount to $2,000, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.